IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DERRICK CAMERON NORRIS,

                    CASE NO. 2:15-CV-764

      Petitioner,          JUDGE ALGENON L. MARBLEY

                    MAGISTRATE JUDGE KEMP

      v.

JASON BUNTING,

      Respondent.

**OPINION AND ORDER**

On February 27, 2017, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 25.) Petitioner has filed an *Objection* and *Addendum to Objection* to the *Report and Recommendation*. (ECF Nos. 26, 27.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* and *Addendum to Objection* (ECF Nos. 26, 27) are **OVERRULED**. The *Report and Recommendation* (ECF No. 25) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Petitioner challenges his September 17, 2004, convictions in the Muskingum County Court of Common Pleas pursuant to his guilty plea on murder with a firearm specification, aggravated robbery, and tampering with evidence. He asserts that he was denied due process because the trial court failed to provide him with a de novo re-sentencing hearing pursuant to the remand of the Ohio Court of Appeals based on the trial court's failure to advise him of the terms of post-release control (claim one); that his guilty plea was not knowing, intelligent or voluntary based on the State's failure to advise him that, upon release, he would be subject to the terms of post-release control (claim two); and that his convictions violate the Double Jeopardy Clause

(claim three). The Magistrate Judge recommended dismissal of claims one and two on the merits, and claim three as procedurally defaulted.

Petitioner objects to the Magistrate Judge's recommendations. Petitioner argues at length that his initial judgment of conviction was void, and his guilty plea not knowing, intelligent or voluntary, because the State failed to advise him regarding the requirement of terms of post-release control. Petitioner argues that the appellate court therefore improperly remanded the case for re-sentencing, and the trial court lacked jurisdiction to re-sentence him. Petitioner further contends that the state courts improperly refused to permit him to raise a claim regarding the alleged violation of the Double Jeopardy Clause in the appeal from his re-sentencing, and he therefore did not procedurally default such claim for review in these proceedings. Petitioner argues that he is the victim of a manifest miscarriage of justice. He complains that the Court improperly determined that his *Motion for Summary Judgment* (ECF No. 17) was moot and denied him an evidentiary hearing. Petitioner seeks a certificate of appealability.

Petitioner's arguments are not persuasive. As to claim three, Petitioner failed to file a timely appeal. The state appellate court dismissed his motion for a delayed appeal due to his failure to attach a certificate of service. He did not pursue an appeal of that decision to the Ohio Supreme Court. Moreover, he did not raise an issue regarding the Double Jeopardy Clause until September 9, 2013, when he filed a "motion for allied offense determination" with the state trial court, asking the court to determine whether his convictions should have been deemed as allied, rather than separate offenses. (ECF No. 14-1, PageID# 443.) The state appellate court rejected the claim as barred under Ohio's doctrine of *res judicata*, as Petitioner could have, but did not, raised the issue on direct appeal. *See State v. Norris*, No. CT2013-0052, 2014 WL 2159369, at *1-2 (Ohio App. 5th Dist. May 19, 2014). Petitioner has plainly waived such claim for federal

habeas corpus relief. Further, he has failed to establish cause or prejudice for this procedural default. Moreover, the record does not reflect that Petitioner is actually innocent of the charges against him so as to warrant a merits review of such claim.

> To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S.Ct. 851. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id*. at 321, 115 S.Ct. 851.

*Souter v. Jones*, 395 F.3d 577, 90 (6th Cir. 2005)(footnote omitted). Petitioner cannot meet this standard here.

As to claims one and two, as discussed by the Magistrate Judge, there is no legal basis for Petitioner's claim that the trial court's failure to conduct a *de novo* re-sentencing hearing violated the Ex Post Facto Clause or the United States Constitution. Likewise, Petitioner's claim that his guilty plea was not knowing, intelligent or voluntary does not provide him a basis for relief. Petitioner was sentenced to 33 years to life imprisonment. The trial judge explained to him that, if he were ever to be released, he would be on parole for the aggravated murder charge, and could be sent back to prison for life, not just the five years that could be imposed for a violation of the terms of post-release control. Under these circumstances, the failure of the state trial court correctly to inform Petitioner about post-release control does not render the plea unknowing or involuntary. This Court need not conduct an evidentiary hearing in order to resolve Petitioner's claims. Further, the Court has considered all of the arguments raised by Petitioner in his *Motion*

*for Summary Judgment*; however, the record reflects no basis to warrant the granting of such request. *See Griffin v. Warden, Toledo Correctional Institution,* No. 2:15-cv-2920, 2016 WL 7210918, at *5 (S.D. Ohio Dec. 13, 2016), *adopted and affirmed by* 2017 WL 401250 (S.D. Ohio Jan. 30, 2017) (A habeas petitioner who seeks summary judgment must at a minimum satisfy the requirements of Rule 56 of the Federal Rules of Civil Procedure, which requires the movant to establish that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law")(citations omitted).

Petitioner seeks a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Petitioner has failed to meet this standard here. Reasonable jurists would not debate whether the Court properly dismissed Petitioner's claims as procedurally defaulted or without merit. Petitioner's request for a certificate of appealability therefore is **DENIED.**

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* and *Addendum to Objection* (ECF Nos. 26, 27) are **OVERRULED**.  The *Report and Recommendation* (ECF No. 25) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

   **IT IS SO ORDERED.**

   **s/Algenon L. Marbley**     
ALGENON L. MARBLEY
United States District Judge
